807 A.2d 189

STEVEN M. LONEGAN; STOP THE DEBT.COM, LLC, PLAIN-
TIFFS–RESPONDENTS, v. STATE OF NEW JERSEY; ROLAND
M. MACHOLD, TREASURER OF THE STATE OF NEW JER-
SEY; NEW JERSEY EDUCATIONAL FACILITIES AUTHORI-
TY; NEW JERSEY ECONOMIC DEVELOPMENT AUTHORITY;
NEW JERSEY TRANSPORTATION TRUST FUND AUTHORITY,
DEFENDANTS–MOVANTS, AND NEW JERSEY SPORTS AND
EXPOSITION AUTHORITY, DEFENDANT.

September 20, 2002.

## ORDER

The Attorney General having filed motions for an accelerated
clarification of that portion of the Court's August 21, 2002, opinion
that set the within matter down for reargument on October 21,
2002;

And the Attorney General having represented to the Court that
the State is unable to complete programs and projects authorized
by the Legislature for this fiscal year because of uncertainty in
respect of the validity of appropriations-backed bonds previously
issued and anticipated to be issued prior to the filing of the
Court's final disposition;

And the Attorney General, on that representation, having
sought an Order from the Court confirming that in the event the
Court were to strike down any statute authorizing the issuance of
appropriation-backed bonds, it would not apply that decision retro-
actively to invalidate any such bonds sold prior to the issuance of
the Court's final decision in this matter;

And the plaintiffs having stated in their supplemental brief filed
pursuant to the Court's Order of August 21, 2002, that they seek
only to restrain the creation of new appropriation-backed debt
and, more specifically, that recognizing reliance by the litigants to
this action and by third parties and in light of the precedents of
the Court (see, e.g., *In re Loans of New Jersey Property Liability
Insurance Guaranty Association,* 124 N.J. 69, 590 A.2d 210

(1991); *Enourato v. N.J. Bldg. Auth.,* 90 N.J. 396, 448 A.2d 449 (1982); *N.J. Tpk. Auth. v. Parsons,* 3 N.J. 235, 69 A.2d 875 (1949)), they do not seek a ruling from the Court that would apply retroactively to any bonds that have been issued as of the date of the Court's final decision in the matter;

And the plaintiffs having reaffirmed in their response in opposition to the Attorney General's motion that they do not seek retroactive relief;

And the plaintiffs' request for preliminary injunctive relief in this matter having been denied by the trial court on January 24, 2001, by the Appellate Division on March 26, 2001, and by this Court on September 21, 2001;

And the August 21, 2002, opinion of the Court having included no statement or suggestion that the Court would grant relief never requested by plaintiffs and apply its final decision in this matter retroactively;

And the Court having determined that for those reasons, clarification of its intent is not warranted;

IT IS ORDERED that the motion for acceleration (M-149) is granted, and that the motion for clarification (M-150) is denied.

Chief Justice PORITZ and Justices COLEMAN, LONG, VERNIERO, and ZAZZALI join in the Court's Order.

Justice LaVECCHIA concurs in the Order.

LaVECCHIA, J., concurring.

I read the Court's Order as providing the relief sought by the Attorney General. Although I would have expressed that result directly by granting the motion, I am satisfied to concur in the Court's disposition.